nsured in the company who subsequently and before the final closing of the receiver's account shall have died.

"We are of opinion that the court below properly disposed of the motion, and that the order should be affirmed, but under the circumstances, without costs."

*Horace Russell*, for the appellant.

*J. M. Gifford*, for the respondent.

Opinion by Davis, P. J.; Brady and Daniels, JJ., concurred.

Order affirmed, without costs.

---

JOHN LYNCH, Appellant, v. OSCAR PFEIFFER, Respondent.

OSCAR PFEIFFER, Respondent, v. JOHN LYNCH and Another, Appellants.

*Religious corporation — right of, when unable to pay its current expenses, to sell its property to another religious corporation, subject to the payment of all debts and liens.*

Appeals from judgments of the Special Term in both of the above entitled actions, which were cross actions to compel the specific performance of a contract for the sale of certain lands.

The principal question on these appeals arose upon the validity of the sale of the premises agreed to be conveyed, by the contract described in the complaint, by the Manhattanville Presbyterian Society to the trustees of the Presbytery of New York, a body corporate under the laws of the State of New York. That sale was made under and pursuant to an order of the Special Term of the Supreme Court of this district, entered on the 12th day of May, 1875, upon the petition of the Manhattanville Presbyterian Society, presented in that month. The petition set forth that the petitioners were a religious corporation incorporated under an act entitled "An act for the incorporation of religious societies," passed April 5, 1813, and the acts amendatory thereof; that the corporation was seized in fee of the premises; that the premises were mortgaged under and pursuant to an order of the court to one William Van Allen, to secure the sum of $3,250 and interest, by a mortgage bearing date April

30, 1857, on which there was then due the principal sum of $1,500 and interest from the 1st day of June, 1877, and by several assignments was then held as a subsisting incumbrance by the trustees of the Presbytery of New York; that there were unpaid assessments upon the premises for street openings to the amount of $1,500, bearing interest at twelve per cent; that the church member- ship and congregation were so reduced in numbers as to make it impossible to sustain the current expenses of the church property and of religious worship therein; that the corporation had no income except from the rental of pews, which was wholly insuf- ficient for the purposes aforesaid, and that it had no means of paying the incumbrances except by a sale of the premises; that besides the incumbrances it was owing a floating debt of $300, and the church building required expensive repairs for its preserva- tion which it was unable to make; that the property was so located as to be exposed to other assessments for street openings or other objects, and that at a meeting of the congregation, on due notice, it had been resolved to transfer the church property to the trustees of the Presbytery of New York, and that the trustees were authorized to take all measures necessary for the legal transfer of the same. The petitioners further showed that the trustees were duly incorporated by act of the legislature, and were thereby declared to be capable in law of taking by gift, devise, bequest, grant or purchase for religious or charitable purposes, and of hold- ing and otherwise disposing of such property; and "they prayed that an order may be entered here upon authorizing them to execute and deliver to the trustees of the Presbytery of New York a good and absolute deed in fee simple for conveying to them and to their successors and assignees the premises above described, with the buildings thereon erected, subject to all existing incumbrances, the amount of which, together with said floating debt, shall con- stitute the consideration to be expressed therein, to be had and holden for the purposes expressed in their said act of incorporation."

Upon this petition the court granted an order reciting the material facts of the petition and authorizing the society to execute and deliver to the trustees of the presbytery, etc., a good and absolute deed in fee simple, for conveying the premises, subject to all exist- ing incumbrances, and that the amount thereof, together with the

floating debt of $300, should constitute the consideration to be expressed in the deed, and that said premises be held by the said trustees for the purposes designed and expressed in their charter, as set forth in the petition. Subsequently, and on the 18th of May, 1875, a warranty deed, with full covenants, was accordingly executed, the consideration of which was declared to be the sum of $3,766, and the land was conveyed subject to all the several incumbrances mentioned in the petition.

The court at General Term said: " While the question is not entirely free from doubt, we are of opinion that the court acquired jurisdiction to make the order under the petition, that the order is a valid one, and that the deed executed thereunder conveyed a good title to the trustees of the Presbytery of New York. That body was, at that time, the owner and holder of the mortgage to Van Allen of $1,500, with the accrued interest thereon which remained unpaid, and that indebtedness was extinguished as part of the consideration by the deed. The land was conveyed also subject to all existing incumbrances, and the incumbrances are shown to have been assessments upon the property itself to the extent of $1,500, and the interest at twelve per cent which had accrued thereon. This was a charge upon the land and not upon the Manhattanville Presbyterian Society ; that is to say it could only be enforced against the land by a sale thereof, and not against the society or any of its other property, if any it had. The sale and purchase, therefore, of the land, subject to that assessment, was equivalent, on the part of the presbytery, to an assumption of the lien of the assessment, inasmuch as there was no way of enforcing it but by a sale of the property. It is not material, therefore, that there should be any covenants on the part of the presbytery, because the nature of the lien made the conveyance, in the form in which it was executed, equivalent to such covenants. So far, therefore, as respects the great bulk of the consideration expressed in the execution and delivery of the deed, it either extinguished it or so subjected the land to its payment, that it was equivalent, so far as the vendor is concerned, to the actual payment of that part of the consideration.

" The residue of the consideration was the floating debt to which the land was subjected by the deed. The particular nature of that does not appear, but the presbytery received the property as a

# 606 LYNCH ₹. PFEIFFER.

fund out of which that indebtec ness was to be paid, and the society executing the grant had no other means of payment. There would be little difficulty, therefore, ir holding that the property in the hands of the presbytery was a 1rust for the payment of the claims constituting the floating debt, and as the case fails to show whether they were or were not paid, it s fair to presume that that part of the consideration was in some form paid by the purchasers. The Manhattanville Society must be assumed to have received the full benefit of the consideration to be paid for the property, and the circumstances shown as to the condition of the society at the time of the sale were sufficient to authorize the order of the court. They showed a necessity for the disposition of the property, and there is no reason, apparently, to doubt that the disposition made was for the best interests of the society. The title derived, therefore, under the deed executed to the presbytery, so far as the question of the validity of the order is concerned, was, we think, properly held to be good.

"The result of our examination is that the conclusion reached by the court below was right, and the judgment should, therefore, be affirmed, with costs."

*M. Daly*, for the appellants.

*E. F. Brown*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.